# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ASUCENA D. RODAS
CIFUENTES,

        Plaintiff,

v.                                                   Case No: 6:21-cv-770-WWB-EJK

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY and
ACTING DIRECTOR, U.S.
CITIZENSHIP AND
IMMIGRATION SERVICES,

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), filed November 18, 2021. (Doc. 15.) On December 23, 2021, Plaintiff filed a response in opposition. (Doc. 18.) Thus, the Motion is ripe for review. Upon consideration, I respectfully recommend that the Motion be denied.

    **I.**     **BACKGROUND**

Plaintiff filed the instant Amended Complaint on November 4, 2021, pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706, seeking judicial review of the United States Citizenship and Immigration Services's ("USCIS") September 7, 2021, denial of her Form I-765, Application for Employment Authorization ("Form I-765"). (Doc. 14.) Plaintiff's submission of the Form I-765 is

based upon her previous filing of a Form I-589, Application for Political Asylum and Withholding of Deportation ("Form I-589"). (*Id.* ¶¶ 10, 12.) The Immigration and Naturalization Service ("INS") allegedly received Plaintiff's Form I-589 on March 8, 1993. (*Id.* ¶ 13.) On June 3, 2021, USCIS issued Plaintiff a Notice of Intent to Deny ("NOID") her Form I-765 because of a failure to appear for a scheduled interview before the Asylum Office in relation to the Form I-589. (*Id.* ¶¶ 15, 16.)

Plaintiff contends that USCIS erred as a matter of law in denying her Form I-765 because Defendants incorrectly applied 8 C.F.R. § 208.7(a)(4) to Plaintiff's Form I-589. (*Id.* ¶¶ 21, 22.) Plaintiff argues 8 C.F.R. § 208.7(a)(4) "does not affect her eligibility for employment authorization because Plaintiff's asylum application was received for processing prior to January 4, 1995, the effective date of 8 C.F.R. § 208.7(a)(4)." (*Id.* ¶ 19.) On November 18, 2021, Defendants moved to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing the Amended Complaint should be dismissed as moot and that Plaintiff is not entitled to review under the APA. (Doc. 15.)

II. **STANDARD**

Under the Federal Rules of Civil Procedure, a properly served defendant must file a responsive pleading to the complaint that states the defenses for each claim and either admits or denies the allegations therein. Fed. R. Civ. P. 8(a), 12(a)(1)(A). A defendant may move to dismiss the complaint for, among other reasons, "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) provides the proper framework for evaluating a motion to dismiss on grounds of mootness. *See Sheely v.*

*MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007).

Subject matter jurisdiction may be attacked in two ways—a facial attack or a factual attack. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[1] With a facial attack, a court reviews the allegations in the complaint and determines whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Id.* Conversely, a court may look outside the four corners of the complaint, to things such as affidavits and testimony, when a defendant factually attacks the existence of subject matter jurisdiction. *Id.* "A 'factual attack' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." *Id.* If jurisdiction is found to be lacking, the court dismisses the case without prejudice. *See Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (finding that the district court erred when dismissing a case for a lack of subject matter jurisdiction with prejudice instead of without prejudice). When a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631 (2018). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

shows the court has jurisdiction over the subject matter. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. DISCUSSION

#### A. Whether Plaintiff's Amended Complaint Should Be Dismissed as Moot

Defendants argue that Plaintiff's Amended Complaint must be dismissed because "the relief Plaintiff is requesting has been granted," and thus the case is moot. (Doc. 15 at 3.) Defendants state that Plaintiff filed the Amended Complaint to ask the Court "to compel USCIS to vacate its previous denial and reopen the administrative proceedings." (*Id.*) Because USCIS has already denied Plaintiff's Form I-765, Defendants contend that the Court cannot provide Plaintiff with any meaningful relief. (*Id.*) Plaintiff responds that her claims are not moot because "the controversy presented before the Court is whether the agency erred as a matter of law in denying Plaintiff's Form I-765 when the agency relied on the wrong effective date of a regulation." (Doc. 18 at 4.) Plaintiff argues that she has a legally cognizable interest in the outcome of the instant action and that because USCIS has not vacated its denial, the Court may still provide meaningful relief to Plaintiff. (*Id.* at 3–4.)

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241,

1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* Thus, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004); *see also Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217.

Here, the undersigned agrees with Plaintiff that Defendants' position is "misplaced." (Doc. 18 at 4.) Perhaps if the adjudication of the Form I-765 were the only relief Plaintiff sought, Defendants' argument that the "relief Plaintiff is requesting has been granted" would be more persuasive. (Doc. 15 at 3.) However, Plaintiff requests, among other things, that the Court "[d]eclare Defendants' actions in the proceedings below as arbitrary and capricious, an abuse of discretion and not in

accordance with the law pursuant to 5 U.S.C. §706(2)." (Doc. 14 at 6–7.) Thus, Defendants' argument only partially addresses the relief Plaintiff seeks. As such, the undersigned is unpersuaded that the Motion should be granted with respect to this issue. *Cf. Ocean Dynamics USA, Inc. v. United States Dep't of Homeland Sec.*, No. 14-24179-CIV, 2015 WL 12825787, at *2 (S.D. Fla. July 10, 2015) (dismissing plaintiffs' case as moot because the complaint did *not* "assert a claim alleging that Defendants erred" in denying Plaintiffs' petition).

### B.  Whether Plaintiff Is Entitled to Review Under the APA

Defendants also argue that "Plaintiff is not entitled to APA review in this case because she has not established that the agency's denial of her Form I-765 was arbitrary and capricious." (Doc. 15 at 3–4.) Defendants then set out the standard by which the Court reviews a challenge to a final agency action before repeating that "Plaintiff cannot establish that the agency's decision was arbitrary and capricious and she is thus not entitled to APA review." (*Id.* at 4.)

Although Defendants raise this issue under the section entitled "Argument," it is unclear to the undersigned where Defendants have made their argument. Rather, the section is made up of Defendants' iteration of the legal standard bookended by conclusory allegations that Plaintiff is "not entitled to APA review." (Doc. 15 at 3–4.) Defendant makes no attempt to tie the case law to the specific issues presented in this case, and conclusory statements are not sufficient to support a Motion to Dismiss. *See Deeb v. Saati*, No. 1:17-cv-21204-KMM, 2017 WL 8890872, at *1 (S.D. Fla. Nov. 8, 2017) (finding that defendant's "conclusory arguments are not sufficient to support his

motion to dismiss") (quoting *J.P. ex rel. Price v. Crews*, No. 2:12-cv-46-CSC, 2012 WL 1466634, at *6 (M.D. Ala. Apr. 27, 2012)).

## IV.     RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court **DENY** Defendants' Motion to Dismiss (Doc. 15).

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 2, 2022.

                                                           _____
                                                           EMBRY J. KIDD
                                                           UNITED STATES MAGISTRATE JUDGE