**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ASUCENA D. RODAS CIFUENTES,

      Plaintiff,

v.                                                                                    Case No. 6:21-cv-770-WWB-EJK

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY and ACTING
DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

      Defendants.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 15). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**," Doc. 19), in which he recommends that the Motion be denied. Defendants filed Objections (Doc. 22).

**I.      BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 19 at 1–2).

**II.     LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report,

as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.   DISCUSSION

In the Motion to Dismiss, Defendants argue that Plaintiff's Amended Complaint should be dismissed because the relief requested was mooted by Defendants' adjudication of Plaintiff's Form I-765. (Doc. 15 at 3). In the alternative, Defendants argued that this Court lacks jurisdiction because Plaintiff has failed to establish that the denial of her Form I-765 was arbitrary and capricious. (*Id.* at 3–4). Magistrate Judge Kidd recommends denying the Motion to Dismiss on both grounds because Plaintiff is seeking review of the underlying adjudication of her Form I-765 pursuant to 5 U.S.C. § 706(2), not just to compel the adjudication of her form. (Doc. 19 at 5–6). With respect to Defendants' jurisdictional argument, Magistrate Judge Kidd recommends denying the Motion to Dismiss because Defendants have failed to provide anything more than conclusory statements and arguments. (*Id.* at 6). Defendants object to both recommendations.

With respect to mootness, Defendants simply reassert the same argument raised in the Motion to Dismiss and fail to state any further basis for their disagreement with the R&R. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the

original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R." *Hall v. Sargeant*, No. 18-cv-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018). Defendants' objections fail to address Magistrate Judge Kidd's finding that the Amended Complaint seeks review of the agency action, as opposed to the adjudication of her Form I-765, which remains a live and justiciable controversy. This Court finds the R&R to be well-reasoned and correct in this respect. Therefore, Defendants' first objection will be overruled.

Next, Defendants argue that Plaintiff is not entitled to review under the Administrative Procedure Act ("**APA**") because Plaintiff has not established that the denial of her I-765 Form was arbitrary and capricious. In this respect, Defendants do not dispute that this argument was woefully underdeveloped in their initial Motion to Dismiss as found by Magistrate Judge Kidd in the R&R. Instead, Defendants simply expand on the argument not properly raised in their Motion to Dismiss in an attempt to cure the deficiency. "[D]istrict courts have wide latitude when deciding whether to consider arguments first raised in a movant's objections." *Rios v. United States*, No. 17-23715-CIV, 2018 WL 7252900, at *1 (S.D. Fla. Jan. 10, 2018) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)); *see also Winslett v. Nutribullet, L.L.C.*, No. 19-14089-CIV, 2020 WL 3316022, at *1 (S.D. Fla. Mar. 30, 2020) (collecting cases). Because the Court agrees that Defendants' argument was not properly asserted in the underlying Motion to Dismiss, the Court finds that the argument was never presented to the Magistrate Judge and is, instead, first raised in Defendants' Objections.

Although Defendants initially labeled this as a jurisdictional argument in their Motion to Dismiss, they fail to argue that it is a jurisdictional bar in their Objections.

Moreover, the Court notes that section 706(2) of the APA and 28 U.S.C. § 1331 confer the Court with subject matter jurisdiction to set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 28 U.S.C. § 706(2)(A); *Daniel v. Castro*, 662 F. App'x 645, 647–48 (11th Cir. 2016); *Singh v. Neufeld*, No. 6:05-cv-1344, 2006 WL 4876953, at *2 (M.D. Fla. Feb. 16, 2006). Defendants have failed to direct this Court to any case stating that the Court cannot exercise jurisdiction until it has already determined that the agency's action is arbitrary or capricious, and this Court has found none. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020) ("But before determining whether the rescission was arbitrary and capricious, we must first address the Government's contentions that DHS's decision is . . . outside this Court's jurisdiction."). Accordingly, because the argument is not clearly jurisdictional and was not properly brought before the Magistrate Judge, the Court can and does decline to consider the merits of Defendants' objection.

**IV.    CONCLUSION**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Objections (Doc. 22) are **OVERRULED**.

2. The Report and Recommendation (Doc. 19) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendants' Motion to Dismiss (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 16, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record